# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BOBBIE TORRY,<br><br>       Plaintiff,<br><br>v.<br><br>LYLE WEINTRAUB, REY PALOP,<br>and DR. SHIRLEY GODIWALLA,<br><br>       Defendants. | Case No. 25-CV-637-JPS<br><br><br>**ORDER** |

  Plaintiff Bobbie Torry, an inmate confined at Fox Lake Correctional Institution ("FLCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1. Plaintiff paid the filing fee in full on May 19, 2025. This Order screens Plaintiff's complaint.

**1. FEDERAL SCREENING STANDARD**

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir.

2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this case against Defendants Lyle Weintraub ("Weintraub"), Rey Palop ("Palop"), and Dr. Shirley Godiwalla ("Godiwalla"). ECF No. 1 at 1. On May 6, 2021, a nurse sent Plaintiff to an appointment for blood testing. *Id.* at 4. On May 7, 2021, Weintraub sent Plaintiff the results, indicating that Plaintiff had a slight decrease in kidney function, *Id.* On May 12, 2021, Weintraub met with Plaintiff to discuss the results. *Id.* Weintraub told Plaintiff that something was wrong inside Plaintiff's kidneys because his filtration rate was low at seventy-three instead of ninety. On May 13, 2021, Weintraub entered a progress note for

Plaintiff indicating urinary tract symptoms, a possible decreased urine stream, and decreased kidney function. *Id.* at 5. *Id.* Weintraub told Plaintiff that he did not know what was causing Plaintiff to have decreased kidney function. *Id.* Weintraub provided no treatment for Plaintiff, and he refused to send Plaintiff to an outside specialist. *Id.*

On August 26, 2021, Plaintiff had an appointment with Palop about his kidney issues and decrease in urine stream. *Id.* at 6-7. Palop also told Plaintiff he did not know what was causing Plaintiff's issues. *Id.* at 7. Palop refused to send Plaintiff to a specialist to address his issues. *Id.* On August 11, 2022, Plaintiff sent in a health service request form to see a doctor for experiencing sharp pain in his kidney area. *Id.* at 8.

On December 6, 2022, Godiwalla ordered blood tests for Plaintiff. *Id.* at 9. On January 1, 2023, Plaintiff had an appointment with Godiwalla to discuss his ongoing medical issues *Id.* at 8. Plaintiff had another appointment with Godiwalla on July 7, 2023. *Id.* Plaintiff continued to have abnormal test results and blood in his urine. *Id.* at 10. Godiwalla refused to send Plaintiff to a specialist for treatment and failed to address his issues. *Id.* The Wisconsin Medical Board indefinitely limited Godiwalla's medical license after determining that she had misdiagnosed three patients and performed unnecessary surgical procedures. *Id.* As a result of Defendants' failure to treat Plaintiff, he alleges permanent physical and emotional injuries. *Id.* at 11.

3.  ANALYSIS

The Court finds that Plaintiff may proceed against Weintraub, Palop, and Godiwalla on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials

Page 3 of 7
Case 2:25-cv-00637-JPS    Filed 06/27/25    Page 3 of 7    Document 4

violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Weintraub, Palop, and Godiwalla. Plaintiff alleges delayed treatment for his decreased kidney function for years and that he experienced serious pain as a result. As such, the Court finds that Plaintiff may proceed against Weintraub, Palop, and Godiwalla on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

Page 4 of 7
Case 2:25-cv-00637-JPS   Filed 06/27/25   Page 4 of 7   Document 4

**Claim One:** Eighth Amendment claim against Weintraub, Palop, and Godiwalla for their deliberate indifference to Plaintiff's serious medical needs.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Weintraub, Palop, and Godiwalla**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to

move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.