# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BOBBIE TORRY,

                Plaintiff,

v.

LYLE WEINTRAUB, REY PALOP,
and DR. SHIRLEY GODIWALLA,

                Defendants.

Case No. 25-CV-637-JPS

**ORDER**

Plaintiff Bobbie Torry, an inmate confined at Fox Lake Correctional Institution ("FLCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On June 27, 2025, the Court screened Plaintiff's complaint and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendants Lyle Weintraub ("Weintraub"), Rey Palop ("Palop"), and Dr. Shirly Godiwalla ("Godiwalla") for their deliberate indifference to Plaintiff's serious medical needs. ECF No. 4 at 8.

On August 11, 2025, Defendants Godiwalla and Palop (collectively the "State Defendants") filed a motion for summary judgment based on the failure to exhaust administrative remedies, ECF No. 8, along with a motion to stay discovery, ECF No. 12. The Court will grant the motion to stay discovery; discovery is stayed until a scheduling order is issued. On August 27, 2025, the State Defendants filed a motion for judgment on the pleadings. ECF No. 17. On September 15, 2025, Weintraub appeared through his own counsel, ECF Nos. 25, 26. Weintraub initially also brought a motion for summary judgment based on the failure to exhaust administrative

remedies, ECF No. 29, however, Weintraub later withdrew his motion on December 8, 2025, ECF No. 39.

The State Defendants' motions for summary judgment and for judgment on the pleadings are now fully briefed and ready for disposition. ECF Nos. 9, 18, 20, 36. For the reasons explained below, the Court will deny the State Defendants' motion for summary judgment and motion for judgment on the pleadings.

## 1. EXHAUSTION - STANDARD OF REVIEW

### 1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in

accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1   Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a).  Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC

310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted.  *Id.* § DOC 310.13(4).

## 2.    RELEVANT FACTS

The State Defendants' motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies. The Court finds the following facts relevant to the disposition of this issue.

### 2.1    Plaintiff's Allegations

On May 6, 2021, a nurse sent Plaintiff to an appointment for blood testing.  ECF No. 1 at 4. On May 7, 2021, Weintraub sent Plaintiff the results,

---

[1]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

indicating that Plaintiff had a slight decrease in kidney function. *Id.* On May 12, 2021, Weintraub met with Plaintiff to discuss the results. *Id.* Weintraub told Plaintiff that something was wrong inside Plaintiff's kidneys because his filtration rate was low at seventy-three instead of ninety. On May 13, 2021, Weintraub entered a progress note for Plaintiff indicating urinary tract symptoms, a possible decreased urine stream, and decreased kidney function. *Id.* at 5. *Id.* Weintraub told Plaintiff that he did not know what was causing Plaintiff to have decreased kidney function. *Id.* Weintraub provided no treatment for Plaintiff, and he refused to send Plaintiff to an outside specialist. *Id.*

On August 26, 2021, Plaintiff had an appointment with Palop about his kidney issues and decrease in urine stream. *Id.* at 6–7. Palop also told Plaintiff he did not know what was causing Plaintiff's issues. *Id.* at 7. Palop refused to send Plaintiff to a specialist to address his issues. *Id.* On August 11, 2022, Plaintiff sent in a health service request form to see a doctor for experiencing sharp pain in his kidney area. *Id.* at 8.

On December 6, 2022, Godiwalla ordered blood tests for Plaintiff. *Id.* at 9. On January 1, 2023, Plaintiff had an appointment with Godiwalla to discuss his ongoing medical issues *Id.* at 8. Plaintiff had another appointment with Godiwalla on July 7, 2023. *Id.* Plaintiff continued to have abnormal test results and blood in his urine. *Id.* at 10. Godiwalla refused to send Plaintiff to a specialist for treatment and failed to address his issues. *Id.* The Wisconsin Medical Board indefinitely limited Godiwalla's medical license after determining that she had misdiagnosed three patients and performed unnecessary surgical procedures. *Id.* As a result of Defendants' failure to treat Plaintiff, he alleges permanent physical and emotional injuries. *Id.* at 11.

### 2.2. Exhaustion Facts[2]

Plaintiff is an inmate in custody of the Wisconsin Department of Corrections ("DOC") and is currently housed at FLCI where he was at the time relevant to matters in this lawsuit. Non-Defendant Emily Davidson ("Davidson") is employed by Corrections as a CCE at DOC's Central Office in Madison, Wisconsin. In Davidson's capacity as a CCE, she is primarily responsible for performing investigations of offender complaints appealed to the Secretary and recommending decisions and disposition narratives for approval by the Secretary. Davidson has access to the Inmate Complaint Tracking System ("ICTS"), which is a database that stores all documents and reports submitted and generated through the ICRS.

Plaintiff's Inmate Complaint History Report lists all of his complaints processed through the ICRS as of July 11, 2025. Plaintiff filed five inmate complaints that might potentially be relevant to his claims in this lawsuit. Plaintiff submitted the following five inmate complaints: FLCI-2021-15858, FLCI-2021-7651, FLCI-2022-7833, FLCI-2024-3825, FLCI-2024-4176. There are no other relevant complaints on file for Torry regarding this incident.

The State Defendants acknowledge that Plaintiff's FLCI-2024-3825 directly addressed his claim about delayed kidney care. ECF No. 9 at 7. In this complaint, Plaintiff listed the date of incident as February 28, 2024. ECF No. 11-5 at 9. In describing the one issue of the complaint, Plaintiff wrote: "Dr. Weintraub, Dr. Palop, Dr. Godiwalla never sent inmate Torry to any

---

[2]The State Defendants submitted proposed findings of fact. ECF No. 10. Plaintiff responded to the proposed facts. ECF No. 21. The Court has added additional facts from the record to provide a more thorough context and cites to the record as needed. *See* Fed. R. Civ. P. 56(c)(3).

outside kidney specialist for his decrease kidney function and decrease in urine stream." *Id.* Plaintiff indicated that he submitted an interview/information request to the H.S.U. manager but that he never received any response back. *Id* In describing the details of his complaint, Plaintiff stated: "Ongoing medical issue decrease in kidney function and decrease in urine for the last 4 years." Plaintiff further provided that on May 7, 2021, Plaintiff's lab results showed a slight decrease in kidney function and that Weintraub provided no treatment and refused to send Plaintiff to an outside specialist. *Id.*

Plaintiff's FLCI-2024-3825 was rejected as being filed beyond the fourteen-day limit to file an inmate complaint. ECF No. 11-5 at 3. The decision stated that Plaintiff "ma[de] no plea for good cause" and that he did "not present evidence to show how he was denied the use of or inhibited in any way from using the ICRS since the date of occurrence." *Id.* Plaintiff appealed the rejection and again informed prison staff that the "has an ongoing medical issue" and that he had stated that in his original complaint. *Id.* at 15. On appeal, the RA determined that the rejection of the complaint was appropriate. *Id.* at 7. The decision stated that Plaintiff "makes a case that this issue is ongoing. However, the complaint process does have a 14 day limited to which this falls well outside of." *Id.*

### 3. EXHAUSTION ANALYSIS

The State Defendants request summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment medical claim against them before filing the instant lawsuit. The parties agree on all material facts pertinent to the issue of exhaustion. The parties agree that FLCI-2024-3825 addressed his claim about delayed kidney care. The parties dispute, however, the legal question of whether

FLCI-2024-3825 was properly exhausted. The State Defendants argue that this complaint did not exhaust Plaintiff's administrative remedies because it was properly rejected as untimely. ECF No. 9 at 7. Plaintiff believes this inmate complaint was improperly rejected because it involved an ongoing medical issue and therefore should have been considered timely. *See* ECF No. 20.

Generally speaking, a plaintiff cannot fulfill the exhaustion requirement "by the filing of an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("[A] prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement."). However, exhaustion is not required when there is no "available" remedy, 42 U.S.C. § 1997e(a), such as when (1) the system is so opaque that no ordinary prisoner can discern or navigate it; (2) prison staff actively thwart prisoners from taking advantage of a grievance process; or (3) the procedures are a guaranteed "dead end." *Ross v. Blake*, 578 U.S. 632, 642–44 (2016).

In filing a grievance, a prisoner's compliance with procedural rules is important in making sure prison officials have "a fair opportunity to consider the grievance." *Id.* at 2388. As such, "[ordinarily, a complaint that is *rejected* for procedural reasons, rather than *dismissed* after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon*, No. 21-CV-154-PP, 2022 WL 16530885, at *5 (E.D. Wis. Oct. 29, 2022) (citing *Conyers*, 416 F.3d at 584); *accord Parker v. Almonte-Castro*, No. 21-CV-509-BBC, 2022 WL 2274875, at *4 (W.D. Wis. June 23, 2022) ("[W]hen a complaint is rejected for procedural reasons, it cannot satisfy the exhaustion requirement even if appealed."). But courts in this district

have concluded that rejection of an institutional complaint does not *necessarily* render it unexhausted. *See, e.g., Lindell v. Greff*, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021) ("Because inmates must follow the ICRS rules to properly exhaust, *sometimes* the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust." (emphasis added)).

Courts have held that where an ICE examiner's interpretation and application of a requirement, including an erroneous application of a provision or mishandling of a submitted grievance, obstructs a plaintiff from obtaining a meaningful opportunity to present his grievance, the plaintiff is not obligated to exhaust his remedies. *See Jones v. Frank*, 07-cv-141-bbc, 2008 WL 4190322 at *3 (W.D. Wis. April 14, 2008). While courts "must give deference to prison officials regarding interpretation and application of their own grievance procedures," where a plaintiff is not given a meaningful opportunity to correct his mistakes, a court can find the plaintiff was unable to exhaust. *Id.*; *see also Dole v. Chandler*, 438 F.3d 804, 810–12 (7th Cir. 2006).

Here, the Court finds that the complaint examiner erroneously rejected FLCI-2024-3825 as untimely. The initial rejection of the complaint failed to recognize that Plaintiff provided an explanation for the "late" filing of the complaint; Plaintiff clearly indicated that he had an ongoing medical issue. In considering Plaintiff's appeal of the rejected complaint, prison staff acknowledged that Plaintiff's medical issue was ongoing. However, staff then determined, without any explanation, that Plaintiff's inmate complaint fell well outside the fourteen-day limit. Courts have recognized that inmate grievances complaining about a discreet event are analyzed differently than grievances complaining about an ongoing lack of care from prison officials.

*See, e.g., Nieto v. Dittman*, No. 16-CV-163-JDP, 2017 WL 3610571, at *2 (W.D. Wis. Aug. 22, 2017). In cases of an ongoing medical issue, "proper exhaustion occurs when a plaintiff files an 'appropriate grievance through the proper channels once he has realized that he would not be able to resolve his grievance with the medical staff informally', even if it's more than 14 days after the earliest instance of the denial of medical treatment." *Id.* That is exactly what Plaintiff did here when he attempted to secure medical care from various providers and then attempted to resolve his issues informally with other prison staff. Thus, the examiner's conclusion regarding the untimeliness of the complaint "makes no sense." *See Jones-El v. Moore*, No. 23-C-1138, 2024 WL 1554101, at *3 (E.D. Wis. Apr. 10, 2024). There was no harm to complain about within fourteen days of receiving his initial medical labs from Weintraub in 2021 "because there was not yet a delay in treatment." *See id.*

As such, the Court finds the inmate examiner "improperly rejected Plaintiff's inmate complaint, making the administrative remedies unavailable to him." *See id.* (citing *Dole*, 438 F.3d at 809 ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.")); *see also Patterson v. Whitman*, No. 24-CV-939-PP, 2025 WL 1885743, at *6 (E.D. Wis. July 8, 2025) ("In effect, that rejection rendered administrative remedies unavailable to the plaintiff for any claim tangentially related to his first complaint."). The Court finds that administrative remedies were not available to Plaintiff to properly exhaust this inmate complaint. The Court will accordingly deny the State

Defendants' motion for summary judgment based on the failure to exhaust administrative remedies.

**4.      JUDGMENT ON THE PLEADINGS**

Next, the Court considers the State Defendants' motion for judgment on the pleadings. ECF No. 17. After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017). To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the Court will deny the State Defendants' motion for judgment on the pleadings. The State Defendants argue that the claim against Palop is barred by the statute of limitations because it was filed more than three years from his 2021 medical visits with Palop. ECF No. 18 at 1. The State Defendants acknowledge that some courts have found that the time spent exhausting administrative remedies will toll the time to file a claim. *Id.* at 3–4 (citing *Schlemm v. Pizzala*, No. 19-CV-266, 2021 WL 4988449, at *1 (E.D. Wis. Sept. 3, 2021)). The State Defendants argue that this tolling provision

is unavailable to Plaintiff because he did not fully and properly exhaust his administrative remedies. *Id.* at 4. The State Defendants' argument is circular, however, because as discussed above, the Court finds that Plaintiff did not fail to exhaust his administrative remedies with respect to this claim. It is therefore far from clear based on the pleadings that Plaintiff's claim against Palop is barred by the statute of limitations. As such, the Court will deny the State Defendants' motion for judgment on the pleadings.

**5.     CONCLUSION**

For the reasons explained above, the Court will deny the State Defendants' motion for summary judgment based on the failure to exhaust administrative remedies and will deny the State Defendants' motion for judgment on the pleadings. The case will therefore proceed on the merits, and the Court will issue a scheduling order in due course.

Accordingly,

**IT IS ORDERED** that the State Defendants' motion to stay discovery, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the State Defendants' motion for summary judgment based on the failure to exhaust administrative remedies, ECF No. 8, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the State Defendants' motion for judgment on the pleadings, ECF No. 17, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of March, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge